IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

No. 1:23-cv-1070

| | |
|---|---|
| ALEXIS MINTZ, *Individually and on behalf of all other similarly situated*, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SUMMIT CREDIT UNION, | ) ) |
| Defendant. | ) ) |

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation and Agreement to Settle Collective and Class Action Claims ("Stipulation," "Settlement Agreement," or "Agreement") is made by Alexis Mintz, ("Plaintiff Mintz" or "Class Representative"), on behalf of herself and each of the Collective Members and Class Members as defined herein, on the one hand, and Summit Credit Union ("Defendant"), on the other hand, in the above-captioned action ("Action").

## I.      PROCEDURAL HISTORY

Plaintiff filed a collective and class action complaint against Summit Education Association, Inc. d/b/a Summit Credit Union on December 7, 2023. (Dkt. No. 1) After obtaining an extension of time, Defendant Summit Education Association, Inc. filed its Answer to Plaintiff's Complaint on January 31, 2024. (Dkt. No. 7) Among other things, Summit Education Association, Inc. denied that it employed Ms. Mintz or any other call

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

center employees and denied that it was a proper defendant in this case. On April 19, 2024, Plaintiff filed her First Amended Complaint against Defendant Summit Credit Union with Defendant's consent, and removed Summit Education Association, Inc. from the lawsuit. (Dkt. No. 17) Summit Credit Union filed its Answer to Plaintiff's First Amended Complaint on May 23, 2024, generally denying the allegations against it and any violation of the law. (Dkt. No. 19)

On June 14, 2024, Plaintiff filed an unopposed Motion for Extension of Time to Complete Discovery. (Dkt. No. 20) On July 17, 2024, the parties filed a Joint Motion to Stay Proceedings so that they could conduct informal discovery and attempt to resolve the matter. (Dkt. No. 21) The Court granted the motion on July 18, 2024 and stayed the action through October 31, 2024. (Dkt. No. 22) On October 24, 2024, the parties filed a Joint Motion to Stay and Status Update with the Court. (Dkt. No. 23) The Court granted the motion on October 25, 2024 and extended the stay of the action through November 30, 2024. (Dkt. No. 24) The parties filed a Joint Status Report and Motion to Extend Stay on November 22, 2024. (Dkt. No. 25) The Court granted the motion and extended the stay through December 22, 2024. (Dkt. No. 26)

During the stay, Defendant provided Plaintiff's counsel with time and payroll data, policy documents and other confidential materials to allow the parties to evaluate their settlement positions. On December 13, 2024, the parties filed a Joint Status Report, notifying the Court that the parties had reached an agreement that resolved all the disputes in this matter. (Dkt. No. 27)

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

## II. DEFINITION OF "COLLECTIVE," "COLLECTIVE MEMBERS," "COLLECTIVE PERIOD," "CLASS," "CLASS MEMBERS," AND "CLASS PERIOD"

No collective has been certified in this Action pursuant to 29 U.S.C. § 216(b).  As part of this Settlement, the Parties will ask the Court to certify the following Collective: all current and former hourly-paid, non-exempt employees, who were employed with Defendant and worked in the position of a Member Service Call Center representative during any time from March 8, 2021 to July 30, 2024 ("Collective Period") ("Collective Members").

No class has been certified in this Action pursuant to Fed. R. Civ. P. 23.  As part of this Settlement, the Parties will ask the Court to certify the following Class:  all current and former hourly-paid, non-exempt employees, who were employed with Defendant in North Carolina and worked in the position of a Member Service Call Center representative during any time from December 7, 2021 to July 30, 2024 ("Class Period") ("Class Members").

This Agreement does not constitute an admission of liability by Defendant, who has expressly denied any and all liability in the Action.  Defendant, however, will not oppose certification of the collective and class described herein solely for purposes of obtaining the Court's approval of this Settlement Agreement.  Neither this Stipulation nor any statements made or documents exchanged solely for settlement of the Action, nor any documents filed by the Parties in connection with this Settlement, shall be admissible or offered into evidence in this Action or any other action for any purpose whatsoever other than for this Settlement, or as agreed upon by the Parties.

3

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

## III.  BENEFITS OF SETTLEMENT

After an exchange of documents and investigation of the facts, Plaintiff recognizes the expense and length of the proceedings necessary to continue the litigation against Defendant through trial and through any possible appeals.  Plaintiff also has taken into account the uncertainty and risk of further litigation, the defenses raised by Defendant, and the difficulties and delays inherent in litigation.  In addition, this Settlement will provide a substantial monetary settlement for Collective Members and Class Members, particularly in light of the limited available damages available even if the collective and class claims were eventually to prevail.  Based on the foregoing, the Plaintiff and Plaintiff's Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable settlement, and is in the best interests of the Collective Members and Class Members.

Defendant has concluded that any further defense of this litigation would be protracted, uncertain, and expensive for all Parties.  Unless this Settlement is made, Defendant will need to devote substantial amounts of time, energy, and resources to the defense of the claims asserted by Plaintiff.  Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to effectuate the full, final, and complete resolution of the Action.

The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice the Action as set forth below.

## IV. SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Plaintiff Mintz on behalf of herself and the Collective/Class on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Action be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon Final Approval (as defined below), the Action shall be dismissed with prejudice, subject to the following terms and conditions:

### 1. Definitions.

As used in this Settlement, the following terms are defined as follows:

"Collective," "Collective Members," "Collective Period," "Class," "Class Members" and "Class Period" shall have the meanings stated in Section II above.

"Collective Notice Packet" means the Notice of Proposed Collective Action Settlement and Final Approval Hearing, attached as Exhibit A, the Employee Information Sheet, attached as Exhibit C, the Consent-to-Join Form, attached as Exhibit D, and a business reply mail envelope addressed to the Settlement Administrator.

"Court" means the United States District Court for the Middle District of North Carolina.

"Effective Date" means the latest date after which all of the following have occurred: (1) this Settlement has been executed by Plaintiff and Defendant; (2) the Court has given preliminary approval of the Settlement; (3) notice has been sent to the Collective Members, providing them with an opportunity to opt in to the Settlement; (4) notice has been sent to the Class Members, providing them with an opportunity to opt out of the

5

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Settlement; (4) Final Approval; and (5) the later of the following events: the period for filing any appeal or other appellate proceeding opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final and there is no further legal recourse by an appellant or objector who seeks to contest the Settlement.

"Eligible Workweeks" refers to a workweek in which a Collective Member or Class Member was employed by Defendant in a position covered by the Settlement, as defined in Section II. "Eligible Workweeks" does not include weeks worked by Class Members who submit valid and timely requests for exclusion pursuant to Paragraph IV.8(c). The Parties estimate that the Collective and Class Members worked a total of approximately 2012.14 workweeks during the Collective Period.

"Final Approval" means the date by which this Settlement is finally approved as provided in this Agreement and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment"), or in the event of an appeal of such Final Judgment, the date that an appellate court upholds the Final Judgment.

"FLSA Collective Fund" means an amount equal to 56.32% of the Net Settlement Amount.

6

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

"Hybrid Notice Packet" means the Notice of Proposed Collective and Class Action Settlement and Final Approval Hearing, attached as Exhibit B, the Employee Information Sheet, attached as Exhibit C, the Consent-to-Join Form, attached as Exhibit D, the Election Not to Participate Form, attached as Exhibit E, and a business reply mail envelope addressed to the Settlement Administrator.

"Net Settlement Amount" shall refer to the difference between Settlement Fund and the total amount of payments approved by the Court for the Incentive Award, the Settlement Administration Costs, and the Approved Attorney's Fees.

"North Carolina Class Fund" means an amount equal to 43.68% of the Net Settlement Amount.

"Settlement" means the terms, conditions, and obligations described in this Settlement Agreement.

"Settlement Fund" shall refer to the money that Defendant will pay into a Settlement Fund, in accordance with Paragraph IV.2 below. The Settlement Fund shall consist of a maximum total payment of $53,628.77. This payment shall pay for the maximum total payment under the Settlement if all Class Members and Collective Members participate in the Settlement, including the Incentive Award, the Settlement Administration Costs, and the Approved Attorney's Fees, and any other payments provided by this Settlement.

"Settlement Administrator" means Apex Class Action.

"Parties" means the Plaintiff (including Plaintiff Mintz on behalf of himself and the Class Members) and Defendant.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

The term "Plaintiffs' Counsel" and "Collective and Class Counsel" means Cox, Stansberry & Kinsley and Brown, LLC.

The term "Releasees" means Defendant and Defendant's present and former parent companies, subsidiaries, and affiliated companies (whether now or hereafter), and each of their respective shareholders, members, officers, directors, employees, attorneys, managers, agents, administrators, successors, and assigns.

## 2. Settlement Fund.

No later than thirty (30) days after Final Approval by the Court, Defendant shall deposit an amount determined in accordance with this Paragraph IV.2 (the "Settlement Amount") in the Settlement Fund established by the Settlement Administrator. The Settlement Amount shall be $53,628.77 less the total amount of all Collective Settlement Awards attributable to Collective Members who do not submit timely, valid Consent to Join Forms. In addition to the Settlement Amount, Defendant shall be responsible for paying any lawfully required employer share of payroll taxes. Employer payroll taxes will not be paid from the Settlement Fund. At Defendant's option, however, Defendant may remit payment, in addition to the payment of the Settlement Amount to the Settlement Fund, in an amount equal to its total responsibility for any employer share of payroll taxes to the Settlement Administrator for the Settlement Administrator to pay on Defendant's behalf. The maximum amount that Defendant shall be required to pay under this Settlement is $53,628.77, plus the employer share of payroll taxes with respect to the Settlement Amount.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

### 3. Settlement Administration Costs.

The Parties have selected Apex Class Action to administer this class action settlement. Collective and Class Counsel shall seek approval of the Settlement Administration Costs, up to $4,005.21, to be paid to the Settlement Administrator from the Settlement Fund.

### 4. Releases.

#### A. Collective Members

Upon the Effective Date, Collective Members who have submitted timely, valid Consent to Join Forms will, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, and assigns, forever discharge and fully release Releasees from all claims, debts, losses, demands, obligations, rights, liabilities, damages, penalties, complaints, and causes of action ("Claims") arising under the Fair Labor Standards Act, that have been brought in the Action, or that could have been brought in the Action arising at any time from the beginning of time through the Effective Date, including all Claims for deductions from pay and any and all minimum wage, straight-time, and overtime claims, and any interest, penalties, liquidated damages, and attorneys' fees and costs relative to all such Claims. Collective Members who do not submit timely, valid consent forms will not release any claims under the Fair Labor Standards Act.

#### B. Class Members.

Upon the Effective Date, Class Members who have not opted out will, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, and assigns, forever discharge and fully release Releasees from all Claims,

9

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

other than those arising under the Fair Labor Standards Act, that have been brought in the Action, or that could have been brought in the Action concerning or relating to wages or hours, arising at any time from the beginning of time through the Effective Date, including all Claims for deductions from pay and any and all minimum wage, straight-time, and overtime Claims, and any interest, penalties, liquidated damages, and attorneys' fees and costs relative to all such Claims, including all Claims under the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*. Class Members who opt out will not be bound by the release of Claims provided in this Paragraph IV.4(B).

### C. Plaintiff.

Upon the Effective Date of this Settlement, Plaintiff Mintz, on her own behalf and on behalf of her current, former, and future heirs, executors, administrators, and assigns, waive, forever discharge and fully release Releasees, from any and all liability for any Claims, rights or damages of any kind, whether in law or equity, asserted or unasserted, fixed or contingent, apparent or concealed, or known or unknown that Plaintiff had, may have had or now has against these individuals or entities from the beginning of time through the Effective Date, including but not limited to all Claims asserted in the Action. Plaintiff also releases the Releasees from any and all liability for any Claims of any kind, whether in law or equity, asserted or unasserted, fixed or contingent, apparent or concealed, or known or unknown that Plaintiff had, may have had or now has against these individuals or entities from the beginning of time through the date of the execution of this Agreement, including but not limited to any Claim that arises out of or relates to Plaintiff's employment with Defendant, termination from employment with Defendant, or interaction with

10

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Defendant in any manner whatsoever. These released Claims include, but are not limited to, any and all Claims and rights arising out of, or relating in any way, to Plaintiff's former employment with Defendant that could have been asserted by her arising under any federal, state or local law or ordinance, any tort, any employment contract, express or implied, or public policy, including any and all Claims arising under any federal, state or local employment discrimination law.

In addition, Plaintiff Mintz will execute a separate agreement in the form provided by Defendant in which she will, among other things, release all known and unknown claims of any type against Defendant, except to the extent that any such claim may not be waived as a matter of law. This Release has no application to any claim of any type arising on or after the Effective Date of this Agreement.

### 5. Timeline of Settlement Events.

The following timeline for the Settlement events listed sets forth the actions that must be taken under this Agreement. The date of Preliminary Approval is the base timeline for all actions. The Parties contemplate filing a Motion for Preliminary Approval of the Settlement with the Court on or before February 17, 2025, which motion shall be accompanied by a Proposed Order specifically stating that the Court approves the notice procedures and release provisions described herein. If filing or approval is accelerated or delayed, the timeline stated below will be amended accordingly.

- Within 30 days after Preliminary Approval, Defendant will provide the Settlement Administrator an Excel spreadsheet with the following information about each Collective Member and Class Member: name,

11

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Employee ID number, last known address, social security number or other tax identification numbers, and number of Eligible Workweeks in the Collective Period and Class Period, respectively. As a condition to Defendant's obligation to provide this information, the Settlement Administrator shall execute an agreement prohibiting the disclosure of such information except in connection with the implementation of this Settlement, in a form to be determined by Defendant.

- No later than 45 days after Preliminary Approval, the Settlement Administrator will mail the Hybrid Notice Packet to all persons who qualify as both Collective Members and Class Members, and the Collective Notice Packet to persons who only qualify as Collective Members but not Class Members, in accordance with Paragraph IV.8 of this Agreement.

- The Hybrid Notice Packet shall inform all Collective and Class Members that they have until 21 days before the Final Approval Hearing or, if no specific date for the Final Approval Hearing has then been set, sixty (60) days following the date on which the Notice Packet was mailed, to claim their Collective Settlement Award by submitting a Consent to Join Form to the Settlement Administrator or to opt out of the Class by submitting an Election Not to Participate Form to the Settlement Administrator. All Consent to Join Forms and/or Election Not to Participate Forms must be postmarked or transmitted to the Settlement Administrator within such period to be deemed valid and timely.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

- The Collective Notice Packet shall inform all Collective Members that they have until 21 days before the Final Approval Hearing or, if no specific date for the Final Approval Hearing has then been set, sixty (60) days following the date on which the Notice Packet was mailed, to claim their Collective Settlement Award by submitting a Consent to Join Form to the Settlement Administrator. All Consent to Join Forms must be postmarked or transmitted to the Settlement Administrator within such period to be deemed valid and timely.

- The Notice Packets will be mailed using the most current mailing address information. Within twenty (20) days of the date of the initial mailing, the Settlement Administrator shall promptly conduct a second mailing for any Collective or Class Member whose Notice Packet is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or obtained through skip-tracing. The Settlement Administrator shall also provide Defendant's counsel with a listing of all Collective and Class Members whose Notice Packet was returned as undelivered upon initial mailing. In the event that Defendant provides the Settlement Administrator with an updated address for any such Collective or Class Members, the Settlement Administrator shall send a Notice Packet to such address. If, after a second mailing, the Notice Packet for a Collective or Class Member is again returned as undelivered, then the notice mailing process shall end for that Collective or Class Member.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

- Upon completion of these steps by the Settlement Administrator, the Parties shall be deemed to have satisfied their obligation to provide the Notice Packet to each Collective and Class Member, each Collective Member who submits a timely, valid Consent to Join Form shall be bound by all terms of the Settlement and the Court's Order and Final Judgment including the release of claims provided in Paragraph IV.4(A), and each Class Member who does not opt out, including any Class Member whose Notice Packet is returned as undeliverable pursuant to the preceding paragraph, shall be bound by all terms of the Settlement and the Court's Order and Final Judgment including the release of claims provided in Paragraph IV.4(B).

- No later than 10 days before the Final Approval Hearing, or such other date set by the Court, Plaintiffs' Counsel shall file a Motion for Final Approval of this Settlement and Approval of Attorneys' Fees, Litigation and Administrative Costs, and Incentive Award.

- Within 10 days after the Effective Date, the Settlement Administrator will mail settlement checks to Participating Collective Members and Participating Class Members pursuant to the formula in Paragraph IV.6(a) of this Agreement.

- Collective and Class Members shall have 120 days after the Settlement Administrator mails the settlement checks to cash such settlement checks. All checks not cashed by this deadline are voided and will be returned to Defendant.

14

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

### 6. Payments to Collective and Class Members.

(a)     By the time specified in Paragraph IV.5, the Settlement Administrator shall issue checks to each Collective Member who has submitted a timely, valid Consent to Join Form ("Participating Collective Members") in an amount equal to each Participating Collective Member's pro rata share of the FLSA Collective Fund. The amount to be paid to each Participating Collective Member (such payment an "Collective Settlement Award") will be calculated using the following formula:

> The individual settlement payment to a Participating Collective Member will be calculated by dividing the number of Eligible Workweeks attributed to the Collective Member during the Collective Period by all Eligible Workweeks during the Collective Period attributed to all Collective Members, multiplied by the FLSA Collective Fund. Otherwise stated, the formula for a Participating Collective Member is: (individual's Eligible Workweeks in the Collective Period ÷ total Eligible Workweeks in the Collective Period by all Collective Members) x FLSA Collective Fund.

The sum of any Collective Settlement Awards attributable to Collective Members who do not submit timely, valid Consent to Join Forms shall remain the sole property of Defendant.

(b)     By the time specified in Paragraph IV.5, the Settlement Administrator shall issue checks to each Class Member who has not opted out (each a "Participating Class Member") in an amount equal to each Participating Class Member's pro rata share of the North Carolina Class Fund, provided that no check shall be sent to any Participating Class Member whose Hybrid Notice Packet was returned as undeliverable following the procedure described above, unless such Participating Class Member has otherwise confirmed receipt of the Hybrid Notice Packet and provided an updated mailing address, or is also a Participating Collective Member. The amount to be paid to each Participating

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Class Member (such payment a "Class Settlement Award") will be calculated using the following formula:

> The individual settlement payment to a Participating Class Member will be calculated by dividing the number of Eligible Workweeks attributed to the Class Member worked during the Class Period by all Eligible Workweeks during the Class Period attributed to all Participating Class Members, multiplied by the North Carolina Class Fund. Otherwise stated, the formula for a Participating Class Member is: (individual's Eligible Workweeks in the Class Period ÷ total Eligible Workweeks in the Class Period of all Participating Class Members) x North Carolina Class Fund.

(c)     The full amount of each Participating Collective Member's Collective Settlement Award, and of each Participating Class Members' Settlement Award, will be paid as owed back wages. From each Participating Collective Member's and Participating Class Member's back wages, payroll deductions will be made by the Settlement Administrator for state and federal withholding taxes and any other applicable payroll deductions. The Settlement Administrator will pay the amounts withheld to the appropriate taxing authorities as well as the employer's share of all applicable taxes on any back pay check distributed to the Participating Collective Member and/or Participating Class Member. The Settlement Administrator will issue an IRS Form W-2 for the back pay payment to each Participating Collective Member and Participating Class Member. Employer payroll taxes will not be paid from the Settlement Fund and Defendant will be responsible for paying any such taxes in addition to the Settlement Fund. Upon expiration of the check cashing deadline, all uncashed settlement checks shall revert to the Settlement Fund and then be distributed to Defendant. Participating Collective Members and Participating Class Members are responsible to pay the appropriate individual taxes due on

16

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

the Settlement Awards they receive. Collective and Class Counsel, counsel for Defendant, and Defendant do not intend this Agreement to constitute legal advice relating to tax liability of any Collective Member of Class Member. To the extent that this Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

      (d)    **Settlement Payments Do Not Trigger Additional Benefits.** All Collective Settlement Awards to Participating Collective Members and Class Settlement Awards to Participating Class Members shall be deemed paid to such Participating Collective Members and/or Participating Class Members solely in the year in which such payments actually are received by the Participating Collective Members and/or Participating Class Members. It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Participating Collective Member or Participating Class Member to additional or increased compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement. It is the intent of this Settlement that the Collective Settlement Awards provided for in this Agreement are the sole payments to be made to Participating Collective Members in consideration for the Release provided in Paragraph IV.4(A), Class Settlement Awards provided for in this Agreement are the sole payments to be made to Participating Class Members in consideration for the Release provided in Paragraph IV.4(B), and that the Participating Collective Members and Participating Class Members are not entitled to any new or additional compensation or benefits as a result of

17

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

7. **Payment of Attorneys' Fees, Costs, and Incentive Award.**

(a) Within 10 days after the Effective Date, the Settlement Administrator shall pay to Plaintiffs' attorneys from the Settlement Fund all attorneys' fees and litigation costs approved by the Court, which will not exceed $20,000.00 (the "Approved Attorneys' Fees").

(b) Collective and Class Counsel shall ask the Court to award them no more than $20,000.00 as attorneys' fees and costs, based on the amount of such costs incurred or anticipated at the time Collective and Class Counsel files the motion for final approval of the Settlement. Additionally, Collective and Class Counsel shall seek approval of the Settlement Administration Costs, up to $4,005.21, to be paid to the Settlement Administrator from the Settlement Fund. If the Court approves an award of attorneys' fees and costs or administration costs in an amount less than the amount requested by Collective and Class Counsel, then the difference between the amount requested and the amount awarded to Collective and Class Counsel and/or the Settlement Administrator shall be apportioned to the Net Settlement Amount.

(c) The payment of the attorneys' fees and costs awarded to Collective and Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in connection with the Action, this Settlement or any appeal, incurred by any attorney on behalf of the

18

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Participating Collective Members and/or Participating Class Members with respect to the claims against the Defendant. This payment shall relieve Defendant of any other Claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled on behalf of the Participating Collective Members and/or Participating Class Members and which arise out of the allegations in the Action. In exchange for such payment, Collective and Class Counsel will release and forever discharge any attorneys' lien on the Settlement Fund.

(d)     Collective and Class Counsel shall apply for an "Incentive Award" to the Plaintiff Mintz in the amount of $5,000.00, payable from the Settlement Fund, to be paid for the time and effort that Plaintiff Mintz spent pursuing the Action and in recovering wages on behalf of Collective Members and Class Members. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Agreement. Any Incentive Award shall be paid to Plaintiff Mintz at the same time she receives her settlement award. The Incentive Award is separate and apart from any settlement award for which Plaintiff Mintz qualifies as a Collective Member or Class Member. The Incentive Award will not be taxed as wages, and Plaintiff Mintz will receive a Form 1099 related to the Incentive Award. Plaintiff Mintz agrees to be solely liable for and pay all taxes on the Incentive Award. To that end, if a court or agency of appropriate jurisdiction finds that any of the Releasees has a withholding or tax payment obligation different from, or in addition to, that which this Agreement contemplates, Plaintiff Mintz agrees to indemnify and hold harmless the Releasees for or against taxes, penalties, interest and any other costs she incurs in this regard relating to the Incentive Award.

19

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

8. **Procedure for "Opting In," Objecting to, or Requesting Exclusion from Class Action Settlement.**

      (a)    <u>Procedure for "Opting In"</u>.  The Notice of Proposed Collective Action Settlement and Final Approval Hearing and the Notice of Proposed Collective and Class Action Settlement and Final Approval Hearing shall explain to each Collective Member that by submitting a timely, valid Consent to Join Form, the Collective Member will be deemed to have "opted in" to, or consented to join, an FLSA collective action in this case. The Notices also will explain to each Collective Member that by submitting a timely, valid Consent to Join Form, the Collective Member cannot sue, continue to, or be part of any other lawsuit or legal proceeding against Defendant with respect to the claims in the Action under the FLSA.  More specifically, the Notices will explain that, by submitting a timely, valid Consent to Join Form, the Collective Member waives and releases all claims, debts, losses, demands, obligations, rights, liabilities, damages, penalties, complaints, and causes of action ("Claims") arising under the Fair Labor Standards Act,  that have been brought in the Action, or that could have been brought in the Action arising at any time from the beginning of time through the Effective Date, including all Claims for deductions from pay and any and all minimum wage, straight-time, and overtime claims, and any interest, penalties, liquidated damages, and attorneys' fees and costs relative to all such Claims.  No later than seven (7) days prior to the Final Approval Hearing, Collective and Class Counsel shall file with the Court all timely, valid Consent to Join Forms submitted by Collective Members.

Doc ID: 958d106f9c4a4bc5560df8a9d608526a99f5cfe2

(b)    <u>Procedure for Objecting</u>.  The Notice of Proposed Collective Action Settlement and Final Approval Hearing and the Notice of Proposed Collective and Class Action Settlement and Final Approval Hearing shall provide that Collective Members and Class Members have the right to object to the Settlement.  The Notice shall provide that in order to object a Collective Member and/or Class Member must mail a written statement to counsel for the Parties.  Such written statement must be postmarked or transmitted no later than the fourteen (14) days before the Final Approval Hearing.  Collective Members and Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c)    <u>Procedure for Requesting Exclusion ("Opt Outs")</u>.  The Notice of Proposed Collective and Class Action Settlement and Final Approval Hearing shall provide that Class Members who wish to exclude themselves from the Class must complete and submit an Election Not to Participate Form requesting exclusion from the Settlement, which must be postmarked or transmitted no later than twenty-one (21) days before the Final Approval Hearing or, if no specific date for the Final Approval Hearing has then been set, sixty (60) days following the date on which the Notice Packet was mailed (the "Exclusion Deadline").  Any Class Member who opts out of the Settlement will not be entitled to any recover a Class Settlement Award and will not be bound by the release of claims provided in Paragraph IV.4(B).  No later than seven (7) calendar days after the Exclusion Deadline, the Settlement Administrator shall furnish to Defendant's Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

21

Doc ID: 958d106f9c4a4bc5560df8a9d608526a99f5cfe2

(d)     Persons who qualify as both Collective Members and Class Members who both fail to submit timely, valid Consent to Join Forms, and do submit timely, valid Election Not to Participate Form shall have no right to object, appeal, or comment on the Settlement.  Persons who only qualify as Collective Members but not Class Members who fail to submit timely, valid Consent to Join Forms shall have no right to object, appeal, or comment on the Settlement.

**9.   Final Settlement Approval Hearing and Entry of Final Judgment.**

At a time and place directed by the Court, a Final Approval Hearing shall be conducted to determine final approval of the Settlement along with the amount of the Approved Attorney's Fees.  Collective and Class Counsel will prepare, for Defense Counsel's review, a motion for final approval of the Settlement.  Collective and Class Counsel will timely file the motion for final approval of the Settlement, which will include a proposed order: (1) granting final approval of the Settlement; (2) adjudging the terms of Settlement to be fair, reasonable, and adequate; (3) directing the Settlement Administrator and the Parties to carry out the Settlement's terms and provisions, including the distribution of Settlement Awards to Participating Class Members; (4) dismissing this Action on the merits, with prejudice, in accordance with the terms of this Agreement; (5) approving payment of attorneys' fees and costs to Collective and Class Counsel pursuant to Paragraph IV.7(b); (6) approving the Incentive Award; and (7) approving the Settlement Administration Costs to Apex Class Action.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

## 10. Distribution of Settlement Awards.

(a)     As stated above, within 10 days after the Effective Date, the Settlement Administrator shall mail settlement checks to Participating Collective Members and Participating Class Members (other than the Participating Class Members for whom a Notice Packet was returned as undeliverable do not otherwise confirmed receipt of the Hybrid Notice Packet and provide an updated mailing address, and who are not also Participating Collective Members) pursuant to the formula set forth in Paragraph IV.6(a) and (b) of this Agreement.

(b)     Participating Collective Members and Participating Class Members will have one-hundred and twenty (120) calendar days (from the date of mailing) to cash their settlement checks.  After sixty (60) calendar days from the mailing of checks, the Settlement Administrator shall mail Participating Class Members to whom checks were mailed a reminder postcard card regarding the 120-day deadline to cash their settlement checks.  If the Settlement Administrator is unable to deliver a settlement check to a Class Member, or if a check remains uncashed within one-hundred and twenty (120) calendar days after it is mailed, then the check will be voided and returned to the Settlement Fund, and then be distributed to Defendant.  If any Collective Member or Class Member to whom a settlement check was not sent contacts Collective and Class Counsel, Defendant's Counsel or the Settlement Administrator during the aforementioned 120-day period and requests distribution of his or her portion of the Net Settlement Fund, the Settlement Administrator shall, upon confirmation of such Collective Member's or Class Member's

23

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

entitlement to such distribution, make the appropriate distribution to such Collective Member or Class Member.

(c)     Within thirty (30) days of the expiration of the 120-day period described in the preceding paragraph, the Settlement Administrator shall provide Collective and Class Counsel and Defendant's Counsel with a certification listing the names of the Collective Members and Class Members who have cashed their settlement checks.

**11. Nullification or Rescission of Settlement Agreement.**

(a)     In the event: (i) the Court does not finally approve the Settlement as provided herein; (ii) the Court does not enter a Final Judgment which becomes final as a result of Final Approval; or (iii) the Settlement does not become final for any other reason that cannot be cured by the Parties, then this Settlement Agreement shall be null and void, and Defendant shall be under no obligation to make any payment under this Agreement. Further, should the Final Judgment not be entered or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Action as if this Stipulation never existed. In such case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. Any fees already incurred in the administration of the Settlement by the Settlement Administrator shall be the sole responsibility of the Defendant and shall not be reimbursed. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to

24

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

(b)     If the total number of Class Members who "opt out" of the Class by submitting valid and timely Election Not to Participate Forms pursuant to Paragraph 10(c) exceeds ten (10) percent of the total number of Class Members, Defendant shall reserve the right in its sole discretion to rescind the Settlement within thirty (30) days of reasonably discovering this fact by giving written notice to Plaintiffs' Counsel.

## 12. Privacy of Documents and Information.

Plaintiff and Collective and Class Counsel agree that none of the documents and information provided to them by Defendant, including but not limited to the documents and information received in connection with the Action through informal or formal discovery, the administration of this Settlement, or any other means, shall be used for any purpose other than prosecution of this Action and the administration of this Settlement.

## 13. Exhibits and Headings.

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

## 14. Interim Stay of Proceedings.

Pending the Final Approval Hearing, the Parties agree to hold in abeyance all proceedings in the Action, except proceedings necessary to implement and complete the

25

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

Settlement. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified, neither party need serve or respond to responsive pleadings or motions.

### 15. CAFA Notice.

Within 10 days of the Parties filing a motion for preliminary approval of this Settlement, Defendant shall serve the notices required by 28 U.S.C. § 1715.

### 16. Amendment or Modification.

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

### 17. Entire Agreement.

This Agreement, the attached Exhibits, and the separate release to be signed by Mintz individually in exchange for her Incentive Award constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

### 18. Authorization to Enter Into Settlement Agreement.

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties to the terms and conditions set forth herein. In the event that the Parties are unable to reach agreement on the form or

26

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

### 19. Binding on Successors and Assigns.

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 20. No Prior Assignments.

The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

### 21. No Admission.

Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Releasees. The Parties have entered into this Agreement solely with the intention to avoid further disputes and litigation and attendant inconvenience and expense.

### 22. North Carolina Law Governs.

All terms of this Agreement shall be governed by and interpreted according to the laws of the State of North Carolina, except as to any issues governed by federal law.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

### 23. Counterparts.

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### 24. Jurisdiction of the Court.

The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

### 25. Cooperation and Drafting.

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

### 26. Invalidity of Any Provision.

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

### 27. Enforcement Actions.

Nothing in this Agreement prevents Plaintiff (*i.e.*, excluding putative Collective Members or Class Members) from instituting a legal action or other proceeding against the Defendant, or *vice versa*, to enforce any provisions of this Agreement, each party to bear its own attorneys' fees and costs, including expert witness fees, incurred in connection with any enforcement actions.

### 28. Signatories.

It is agreed that because the number of Collective Members and Class Members is so numerous, it is impossible or impractical to have each Class Member execute this Agreement. The Notice will advise all Collective Members and Class Members of the binding nature of the Release, and the Release shall have the same force and effect as if this Agreement were executed by each Collective Member and Class Member.

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

**Plaintiff and Plaintiff's Counsel**

**Plaintiff**

Dated: 02 / 18 / 2025

_____
Alexis Mintz
Individually and On Behalf of Each of the Collective
Members and Class Members

Dated: 02 / 18 / 2025

By: _____
Nicholas Conlon
BROWN, LLLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: 855-561-0000
Facsimile: 855-582-5279
nicholasconlon@jtblawgroup.com
*Lead Counsel for Plaintiff*

Dated: 02 / 18 / 2025

By: _____
Brian L. Kinsley
COX, STANSBERRY & KINSLEY
NC Bar No. 38683
2024 Main Street, SW Suite B

30

Doc ID: 958d106f9c4a4bc5569df8a9d608526a99f5cfe2

**Defendant and Defendant's Counsel**

**Summit Credit Union**

Dated: 2/18/2025

By: *James Grenon*

Its: Vice President of Administration

Dated: 2/18/2025

By: *Patti W. Ramseur*

Patti W. Ramseur
NC State Bar No. 26817
pramseur@ramseurmaultsby.com
Alexander L. Maultsby
NC State Bar No. 18317
amaultsby@ramseurmaultsby.com
Tina L. Hlabse
NC State Bar No. 26493
thlabse@ramseurmaultsby.com
RAMSEUR MAULTSBY LLP
1150 N. Revolution Mill, Suite 3
Greensboro, NC 27405
(336) 897-0025
*Attorneys for Summit Credit Union*

31