IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALEXIS MINTZ, Individually and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:23-cv-1070 |
| SUMMIT CREDIT UNION, | ) ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER AND JUDGMENT**

Before the court is Plaintiff Alexis Mintz's "Unopposed Motion for Final Approval of Collective and Class Action Settlement and Approval of Attorney's Fees, Litigation and Administrative Costs, and Service Award." (Doc. 43.)

Plaintiffs and Defendant Summit Credit Union, through their respective counsel, entered into a Joint Stipulation of Settlement (the "Settlement Agreement")(Doc. 37), which is subject to review under Federal Rule of Civil Procedure 23. On February 19, 2025, Plaintiff filed her "Unopposed Motion for Preliminary Approval of Class Action Settlement and for Preliminary Class Certification for Settlement Purposes." (Doc. 38.) On May 13, 2025, the court entered an order conditionally certifying the class and collective and granting preliminary approval of settlement. (Doc. 42.)

On August 28, 2025, a fairness hearing was held in open court pursuant to Federal Rule of Civil Procedure 23, at which counsel

attended via video teleconference, to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Collective and Class Members and should be fully and finally approved by the court. The parties represent that no objections were received by them, and no objectors appeared at the hearing.

The parties have requested final certification of the class and collective and final approval of the proposed settlement. The court has read and considered the Settlement Agreement, the final approval motion, the supporting memorandum (Doc. 44), and the record, and hereby incorporates the definitions set forth in the Settlement Agreement. The court has jurisdiction over the subject matter of this action and over all settling parties. Having considered the complete record,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. CLASS AND COLLECTIVE MEMBERS. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the court finally certifies the following Settlement Class for the purpose of entering a settlement in this matter, in accordance with the terms of the Settlement Agreement:

> All current and former hourly-paid, non-exempt employees, who were employed with Defendant in North Carolina and worked in the position of a Member Service Call Center representative during any time from December 7, 2021 to July 30, 2024.

2

Pursuant to 29 U.S.C. § 216(b), the court also finally certifies the following Settlement Collective for the purpose of entering a settlement in this matter, in accordance with the terms of the Settlement Agreement:

> All current and former hourly-paid, non-exempt employees, who were employed with Defendant and worked in the position of a Member Service Call Center representative during any time from March 8, 2021 to July 30, 2024.

2. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT. Pursuant to Federal Rule of Civil Procedure 23, the court finally certifies and confirms the appointment of Plaintiff Alexis Mintz as Class Representative, Brown, LLC and Cox, Stansberry & Kinsley as Class Counsel, and Apex Class Action as Settlement Administrator.

3. NOTICES AND CLAIM FORMS. Notice of the Settlement Agreement was directly mailed to each Collective Member and Class Member. (Doc. 44 at 3). The form and method for notifying the Collective Members and Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B), Rule 23(e), 29 U.S.C. § 216(b), and due process, and constituted the best notice practicable under the circumstances. The court finds that the proposed notice was clearly designed to advise the Collective Members and Class Members of their rights.

4. OBJECTIONS AND EXCLUSIONS. The court finds that the

3

Class Members and Collective Members were given a fair and reasonable opportunity to object to the settlement. No Class Members or Collective Members timely objected to the Settlement, and no Class Members submitted timely requests for exclusion. This Final Approval Order and Judgment is binding on all Class Members and all Collective Members.

    5. FINAL APPROVAL OF SETTLEMENT. In assessing the fairness of the Settlement Agreement, the court has considered the posture of the case at the time settlement was proposed, the extent of discovery that was conducted, the circumstances surrounding the negotiations, and the experience of counsel in the relevant area of class action litigation. <u>Cantu-Guerrero v. Lumber Liquidators, Inc.</u>, 952 F.3d 471, 484 (4th Cir. 2020). In assessing the adequacy of the Settlement Agreement, the court has considered the relative strength of Plaintiffs' case on the merits, the existence of any difficulties of proof or strong defenses, the anticipated duration and expense of additional litigation, the solvency of Defendant and likelihood of recovery on a litigated judgment, and the degree of opposition to settlement. <u>Id.</u> at 484 (<u>citing</u> <u>In re Jiffy Lube Sec. Litig.</u>, 937 F.2d 155, 159 (4th Cir. 1991)). Here, the court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Collective Members and Class Members. The court

4

notes that the parties exchanged meaningful information through formal and informal discovery, that the settlement was the result of arms-length negotiation, and that Lead Counsel Brown, LLC has significant experience litigating wage-and-hour collective and class actions. The settlement will result in total estimated payments of $22,104.01 to Participating Collective Members and Participating Class members. (Doc. 47-1 at 5.) The highest estimated Net Settlement Award will be §2,171.92 and the lowest estimated Net Settlement Award will be $38.39, with an average estimated Net Settlement Award of $850.15. Id. The Settlement Agreement will allow the Class Members and Collective Members to recover these amounts without the "complexity, expense, and duration" of protracted class action litigation. Nicholes v. Combined Ins. Co., No. 5:16-CV-10203, 2019 WL 2575066 at *3 (S.D. W. Va. Feb. 22, 2019).

Accordingly, the Settlement Agreement, which is on file in this case, shall be deemed incorporated herein, and the proposed settlement set forth in the Settlement Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this court.

6. ATTORNEYS' FEES AND LITIGATION COSTS. The Fourth Circuit recognizes two methods for awarding attorneys' fees: the percentage-of-the-fund method, and the lodestar method. DeLoach

5

v. Philip Morris Cos., No. 1:00CV01235., 2003 WL 23094907, at *3 (M.D.N.C. Dec. 19, 2003). The percentage method awards a set percentage of the common fund, while the lodestar method multiplies the hours reasonably expended by a reasonable hourly rate. Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 504 (M.D.N.C. 2018). Under either method, the court evaluates the award in light of the Johnson/Barber factors:

> (1) time and labor expended; (2) novelty and difficulty of the questions; (3) skill required; (4) opportunity costs; (5) customary fee for like work; (6) counsel's expectations at the outset; (7) time limitations imposed; (8) amount in controversy and results obtained; (9) experience, reputation, and ability of counsel; (10) undesirability of the case; (11) nature and length of the professional relationship; and (12) awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Here, Class Counsel requests a combined award of $20,000, which amount includes $740.15 in actual litigation costs. Under the percentage-of-the-fund method, the requested award represents 37.29% of the total settlement amount of $53,628.77. This is less than the 40% contingency fee percentage in Class Counsel's retainer agreement. (Doc. 44 at 13-14.) Class Counsel has billed 91.4 total hours, which would correspond to a blended hourly rate of approximately $219 under the lodestar method. Applying the Johnson/Barber factors, the court finds that the requested fees are reasonable in light of the time and labor expended, the

6

customary fee charged for similar work, the impressive results obtained, and the excellent reputation of Class Counsel. Accordingly, the court approves payment of $20,000.00 in combined attorneys' fees and litigation costs to Class Counsel from the Settlement Fund, as set forth in Section IV of the Settlement Agreement. (Doc. 37 at 18-19.)

7. ADMINISTRATIVE COSTS AND INCENTIVE AWARD. In consideration of their service to the Settlement Class and Settlement Collective, the court also approves $4,005.21 in settlement administration costs to Apex Class Action and a $5,000.00 incentive award to Class Representative Alexis Mintz, as set forth in Section IV of the Settlement Agreement. (Id.)

8. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. Upon the Effective Date of the Settlement, all Settlement Class Members who did not opt out and all Settlement Collective Members who submitted timely consent forms shall release the claims described in Paragraph IV.4 of the Settlement Agreement.

9. DISMISSAL. This action is hereby DISMISSED WITH PREJUDICE, with each party bearing its own attorneys' fees and costs, except as provided in the Settlement Agreement and this Order. The court retains jurisdiction over the parties and all matters relating to this lawsuit and/or the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and

7

this Final Approval Order and Judgment.


                                                                     /s/   Thomas D. Schroeder
                                                                     United States District Judge

September 2, 2025